UNITED STATES of America

v.

Ikechukwu Hykas OLEKA, Appellant.

No. 06–2092.

United States Court of Appeals, Third Circuit.

Submitted for Possible
Summary Action
Under Third Circuit L.A.R. 27.4
and I.O.P. 10.6 Oct. 13, 2006.

Filed: Nov. 15, 2006.

George S. Leone, Office of United States Attorney, Newark, NJ, for United States of America.

Ikechukwu Hykas Oleka, Lisbon, OH, pro se.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Ikechukwu Oleka appeals from the District Court's order, entered March 13, 2006, denying his motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons below, we will summarily affirm the District Court's order.

In 1994, Oleka was convicted by a jury of conspiring to import heroin in violation of 21 U.S.C. § 963. He was sentenced to 262 months' imprisonment. His sentence was enhanced pursuant to United States Sentencing Guideline § 3B1.1 due to his supervisory role in the offense. We affirmed on direct appeal, and the United States Supreme Court denied Oleka's petition for writ of certiorari. Oleka has since filed an unsuccessful § 2255 motion and a § 2244 application that was denied by this Court. See C.A. Nos. 97–5518 & 01–4148. On October 18, 2005, Oleka filed a motion for modification of sentence pursuant to § 3582(c)(2). In the motion, Oleka argued that Amendment 500 to U.S.S.G. § 3B1.1

applied to his sentence, which should be reduced pursuant to § 3582(c)(2).[1] The District Court denied the motion, concluding that § 3582(c)(2) was inapplicable to Oleka, and that Amendment 500 was properly applied when Oleka was sentenced, in any event. Oleka filed a timely notice of appeal. He now seeks summary reversal of the District Court's order.

We conclude that Oleka's § 3582 motion was properly denied. Section 3582(c)(2) provides that a sentence may be reduced "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). We agree with the District Court that Amendment 500, which became effective on November 1, 1993, was in place at the time Oleka was sentenced in 1994, and, thus, did not "subsequently lower" Oleka's sentencing range in any way. Moreover, at the time of sentencing, the District Court had determined that Oleka had a managerial or supervisory role over others, thus triggering an upward adjustment under § 3B1.1(b). See D. Ct. Op., 3. Accordingly, Oleka's argument regarding Application Note 2 to Amendment 500 is simply incorrect.

For the foregoing reasons, we conclude that no substantial question is presented in this appeal. We, therefore, will affirm the District Court's judgment. Oleka's motion for summary reversal is denied.

---

**1.** Amendment 500 provides: "To qualify for an adjustment under [§ 3B1.1], the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization." U.S.S.G. § 3B1.1, App. Note 2.